```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (STATE BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA 94104
Telephone:   (415) 392-5431
Facsimile:   (415) 392-1978

Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AUTOMOTIVE INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND; JIM BENO, TRUSTEE,<br><br>Plaintiffs,<br><br>vs.<br><br>WASTE MANAGEMENT OF ALAMEDA COUNTY, a corporation,<br><br>Defendant. | NO. C 07 6296 WDB<br><br>COMPLAINT |

Plaintiffs complain of defendant and for a cause of action allege that:

1. Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating provisions of ERISA and the provisions of the National Labor Relations Act of 1947. This action is also brought pursuant to the Federal Declaratory

COMPLAINT
1

1 Judgment Act (28 U.S.C. § 2201 et seq.) in a case of actual
2 controversy between plaintiffs and defendant, and for a Judgment that
3 defendant pay fringe benefit contributions in accordance with its
4 contractual obligations.

5     2.    Plaintiffs, BOARD OF TRUSTEES OF THE AUTOMOTIVE
6 INDUSTRIES WELFARE FUND, AUTOMOTIVE INDUSTRIES PENSION FUND
7 (hereinafter "TRUST FUNDS"), named in the caption, are trustees of
8 employee benefit plans within the meaning of §§3(1) and (3) and
9 §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and
10 a multi employer plan within the meaning of §§3(37) and 515 of ERISA,
11 29 U.S.C. §§1002(37) and §1145.  Plaintiff JIM BENO is a Trustee.
12 Said TRUST FUNDS are authorized to maintain suit as independent legal
13 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

14     3.    Plaintiffs are informed and believe and thereupon
15 allege that defendant, WASTE MANAGEMENT OF ALAMEDA COUNTY, resides and
16 does business in Oakland, California.  Performance of the obligations
17 to pay fringe benefits set forth in the collective bargaining
18 agreement is in this judicial district.  ERISA specifically authorizes
19 Trust Funds to bring this action in the district where the plans are
20 administered, 29 U.S.C. §1132(e)(2); the plans are administered in the
21 Northern District of California.

22     4.    Each and every defendant herein is the agent of each
23 and every other defendant herein.  Defendant and each of them are
24 engaged in commerce or in an industry affecting commerce.

25     5.    At all times pertinent hereto defendant was bound by
26 a written collective bargaining agreement with Peninsula Automotive
27 Machinists Lodge 190, a labor organization in an industry affecting
28 commerce.  The aforesaid agreement provides that defendant shall make

1  contributions to the TRUST FUNDS on behalf of defendant's employees
2  on a regular basis on all hours worked, and that defendant shall be
3  bound to and abide by all the provisions of the Trust Agreements.
4      6.  The Trust Funds rely upon a self reporting system.
5  Defendant has unique knowledge of the amounts of contributions that
6  it is liable to pay each month, and has a fiduciary obligation to
7  accurately report the amount to the Trust Funds.
8      7.  Defendant has breached both the provisions of the
9  collective bargaining agreement and the Trust Agreements above
10 referred to by failing to complete and send in monthly reports and/or
11 to pay all moneys due thereunder on behalf of defendant's employees
12 to the TRUST FUNDS.  Said breach constitutes a violation of ERISA (29
13 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.
14     8.  Pursuant to the terms of the collective bargaining
15 agreement there is now due, owing and unpaid from defendant to the
16 TRUST FUNDS on Employer No. 04-17315500-02 contributions amounts due
17 for the month of August 2007 and liquidated damages which are
18 specifically provided for by said agreements.  The total amount due
19 is $109,800.14; additional amounts may become due during the course
20 of this litigation and in the interest of judicial economy, recovery
21 of said sums will be sought in this case.  Interest is due and owing
22 on all principal amounts due and unpaid at the legal rate from the
23 dates on which the principal amounts due accrued.
24     9.  Demand has been made upon said defendant, but defendant
25 has failed to pay the amounts due the TRUST FUNDS or any part thereof;
26 and there is still due, owing and unpaid from defendant the amounts
27 set forth in Paragraph 8 above.
28     10. An actual controversy exists between plaintiffs and

defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreements, and defendant refuses to make such payments in a timely manner.

11. The Trust Funds do not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Funds seek to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreements provide that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and a reasonable attorneys' fee. It has been necessary for plaintiffs to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and a reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiff prays:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreement and the Trust Agreements for the full period for which defendant is contractually bound to file

reports and pay contributions to the TRUST FUNDS.

    3.  That the Court reserve plaintiffs' contractual right to audit defendant for months prior to judgment, and in the event of such audit, collect any additional sums which may be due.

    4.  That the Court retain jurisdiction of this cause pending compliance with its orders.

    5.  For such other and further relief as the Court deems just and proper.

DATED: December 12, 2007        ERSKINE & TULLEY
                                        A PROFESSIONAL CORPORATION


                                  By:/s/Michael J. Carroll
                                      Michael J. Carroll
                                      Attorneys for Plaintiffs